UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD W. KRAMER, | : |
| | : 3:18-CV-341 |
| Plaintiff, | : |
| | : (JUDGE MARIANI) |
| v. | : (Magistrate Judge Schwab) |
| | : |
| MARTIN O'MALLEY, Commissioner of | : |
| Social Security,[1] | : |
| | : |
| Defendant. | : |

FILED
SCRANTON

OCT 18 2024

PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 31) is pending before the Court. Plaintiff asserts that an award of attorney's fees is appropriate because the Court remanded the case to the Commissioner and the Commissioner's decision was not substantially justified. (*Id.* at 1.) Defendant contends that the Commissioner's position was substantially justified. (Doc. 33 at 1.) For the reasons set forth below, Plaintiff's Motion (Doc. 31) will be denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Mallley, the current Commissioner of Social Security, replaces the former Commissioner as the Defendant to this action.

## II. BACKGROUND

On August 15, 2014, Plaintiff Edward Kramer applied for disability insurance benefits and supplemental security income with a protective filing date of March 31, 2014, alleging that he had been disabled since April 28, 2008. (Doc. 1 ¶ 5; Doc. 7 ¶ 5.) The Social Security Administration denied the claim initially on September 18, 2014. (Doc. 1 ¶ 6; Doc. 7 ¶ 6.) Following the initial denial, the case went before Administrative Law Judge Daniel Balutis ("ALJ"), who concluded, on December 20, 2016, that Kramer was not disabled and denied him benefits on that basis. (Doc. 8-2 at 31.) Kramer requested review of the ALJ's decision before the Social Security Administration's Appeals Council. (Doc. 8-6 at 30-32.) The Appeals Council denied his request for review on December 11, 2017, making the ALJ's decision the Commissioner's final decision. (Doc. 8-2 at 2.) Kramer then filed a complaint with this Court on February 10, 2018, seeking judicial review of the Commissioner's final decision to deny him benefits. (Doc. 1.)

In his three-page Complaint appealing the final decision of the Commissioner of Social Security filed on February 10, 2018, Plaintiff did not identify any specific factual basis for his appeal. (*See* Doc. 1.) Rather, Plaintiff generally said he had been continuously disabled within the meaning of the Social Security Act since April 28, 2008, the facts of his disability would be more fully set forth in the administrative proceedings to be filed by Defendant, and Defendant's administrative decision was not supported by substantial evidence, contained errors of law, and should be reversed. (Doc. 1 ¶¶ 12, 14-15.)

In his brief in support of his appeal filed on July 31, 2018, Plaintiff challenged the Commissioner's decision on three bases: (1) the ALJ erroneously rejected the opinion of the opinion testimony of PA-C Debra Goodwin, Plaintiff's treating provider; (2) the ALJ erroneously found that Kramer's depression was a non-severe impairment; and (3) the ALJ's decision contravenes the holding in *Lucia v. SEC*, 585 U.S. 237 (2018). (Doc. 13 at 3.)

Plaintiff's Appointments Clause challenge is the foundational issue upon which Plaintiff's request for attorney's fees rests. As set out in the brief supporting his appeal filed on July 31, 2018, Plaintiff argued that, in *Lucia*, the Supreme Court

> held that ALJs at the SEC are "Officers of the United States," and must be appointed pursuant to the Appointments Clause of the United States Constitution. Art. II, § 2, cl. 2. Under the Court's reasoning, it appears that the ALJs employed by the Social Security Administration are similarly subject to the Appointments Clause. However, at the time of his decision in Plaintiff's case, the ALJ had not been appointed as required by the holding in *Lucia*. Thus, the ALJ did not exercise lawful authority when he denied Mr. Kramer's claim, and this case should be remanded to an ALJ who has been constitutionally appointed as required by *Lucia*.

(Doc. 13 at 13.)

In her January 30, 2019, Report and Recommendation, Magistrate Judge Susan Schwab concluded that the ALJ's decision to afford little weight to Goodwin's assessment and his determination that Kramer's depression was non-severe were supported by substantial evidence. (Doc. 20 at 15.) Magistrate Judge Schwab also concluded that Plaintiff

3

waived his Appointments Clause argument because he failed to raise the issue at the administrative level. (Doc. 20 at 20-21 (listing cases).)

While Plaintiff's objections (Doc. 23) were pending, the Commissioner filed Commissioner's Uncontested Motion to Stay (Doc. 27) on June 27, 2019. The Commissioner sought the stay because two notices of appeal had been filed in the Court of Appeals for the Third Circuit on April 5, 2019, based on *Lucia* and the issue of whether a plaintiff appealing a decision of the SSA forfeited an Appointments Clause challenge by failing to raise the issued during administrative proceedings. (*Id.* ¶ 3 (citing *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019), App. No. 19-1773 (3d Cir.); *Cirko v. Berryhill*, Civ. A. No. 17-CV-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019), App. No. 19-1772 (3d Cir.)).) The Court granted the Motion and directed the parties to notify the Court immediately upon a decision by the Circuit Court in *Bizarre* and/or *Cirko*. (Doc. 28 at 1.)

On May 29, 2020, Defendant filed a Status Update informing the Court that

> [o]n January 23, 2020, the Third Circuit Court of Appeals issued a decision in *Cirko, obo Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020), holding that the plaintiff had not forfeited his Appointments Clause claim by failing to raise it during administrative proceedings. On March 9, 2020, the Commissioner filed a petition for rehearing *en banc*. That petition was denied on March 26, 2020.

(Doc. 29 ¶ 1.)

By Order of June 1, 2020, based on Defendant's Status Update, the Court lifted the stay imposed on November 6, 2019, did not adopt the Report and Recommendation, vacated the Commissioner's decision, remanded the case to the Commissioner to conduct

4

a new administrative hearing before a constitutionally appointed ALJ, entered judgment in favor of Plaintiff, and closed the case. (*Id.* ¶¶ 2-6.) Thereafter, Plaintiff filed the motion for attorney fees now pending. (Doc. 31.)

### III. ANALYSIS

To resolve the issue of whether the Commissioner's decision was substantially justified such that the Commission would not be liable for attorney's fees, the Court looks to the basic legal framework for an award of attorney's fees under the Equal Access to Justice Act ("EAJA" "Act"). The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Morgan v. Perry*, 142 F.3d 670 (3d Cir. 1998), the Circuit Court explained what is meant by "substantially justified":

> The Supreme Court has defined substantial justification under the EAJA as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. [552, 565 (1988)]. That is to say, the government's position is substantially justified "if it has a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d [123, 128 (3d Cir. 1993)]. The government has the burden of establishing that there is substantial justification for its position. *Id.* at 128. In order to do so, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Id.*

5

> The government's position under the EAJA includes "not only the position taken in the litigation but the agency position that made the litigation necessary in the first place." *Id.* Thus, unless the government's pre-litigation and litigation positions have a reasonable basis in both law and fact, the government's position is not substantially justified. *Id.*; *see also Taylor v. Heckler*, 835 F.2d 1037, 1040 (3d Cir. 1988) ("[T]he government is deemed to have two positions for EAJA purposes, both [of which] must be substantially justified.... [I]f either government position does not bear scrutiny, the prevailing party should be awarded attorneys' fees [and other reasonable fees and expenses].").

*Morgan*, 142 F.3d at 683–84. To satisfy its burden, "the government must make a strong showing that its position was substantially justified." *Nat. Res. Def. Council, Inc. v. U.S. E.P.A.*, 703 F.2d 700, 712 (3d Cir. 1983) (internal quotation omitted); *see also Washington v. Heckler*, 756 F.2d 959, 968 (3d Cir. 1985) (Aldisert, C.J., concurring) (quoting *Nat. Res. Def. Council, Inc.*, 703 F.2d at 712) (adding "this burden is not satisfied because the government can point to "some evidence" in its favor").

The standard for determining whether, for purposes of the EAJA, a party has a reasonable basis in law for a position was set out by the Court of Appeals in *Washington*:

> If ... the case turns on an unsettled or "close question of law," ... the government usually will be able to establish that its legal theory was "reasonable," even if it was not ultimately accepted as legal by the courts. When the government's legal position clearly offends legal precedent, however, its position cannot be said to be "substantially justified."

*Id.* at 961–62 (quoting *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir. 1983)). "Therefore, for the government, in relying entirely upon a legal argument, to establish that its position was substantially justified, it must demonstrate that that argument presented an unsettled or close question of law." *Lee v. Johnson*, 799 F.2d 31, 38 (3d Cir. 1986).

Though not a *per se* rule, "'Agency action found to be unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.'" *Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1988) (quoting H.R. Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 138).

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). As noted in *Clarke v. INS*, 904 F.2d 172, 175 n.5 (3d Cir. 1990), "because the EAJA is a 'waiver of the sovereign's traditional immunity from claims for attorney's fees,' it had to be construed strictly in favor of the United States." *Id.* (quoting *Smedberg Machine & Tool, Inc. v. Donovan*, 730 F.2d 1089 (7th Cir. 1984)); *see also Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001) (citing *Clarke*, 904 F.2d at 175).

In the brief supporting Plaintiff's Motion for Attorney Fees, Plaintiff acknowledges the three factors set out above which the Government must show to prevail on the argument that it was substantially justified in its position. ((Doc. 32 at 2.) His claimed entitlement to attorney's fees is based solely on the following rationale:

> In the instant case, the Court remanded the case to the Commissioner pursuant to the Third Circuit holding in *Cirko v. Comm'r of Soc. Sec.* for a new hearing before a constitutionally-appointed ALJ; thus, the ALJ's decision was constitutionally invalid and not reasonably based on the facts or controlling caselaw, and was not substantially justified.

(Doc. 32 at 2.) Defendant argues that there was a reasonable basis for all substantially-justified elements. (Doc. 33 at 7.)

Because the Supreme Court's 2018 decision in *Lucia* is the foundation for Plaintiff's argument, the Court provides a summary of the decision and its ramifications set out in *Carr v. Saul*, 593 U.S. 83 (2021), to provide context for the analysis which follows.

> This Court . . . held in *Lucia v. SEC*, 585 U.S. [237 (2019)], that ALJs within the Securities and Exchange Commission (SEC) had been unconstitutionally appointed. Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" may appoint "Officers of the United States." Art. II, § 2, cl. 2; see Lucia, 585 U.S. at [243] . . . . The *Lucia* Court determined that SEC ALJs were "Officers" rather than mere employees because they held "a continuing office established by law," exercised " 'significant discretion' when carrying out ... 'important functions,' " and often had the last word in SEC proceedings. *Id.* Consequently, the appointment of SEC ALJs by SEC staff violated the Constitution. *Id.*
>
> Like the SEC ALJs at issue in *Lucia*, SSA ALJs had been selected by lower level staff rather than appointed by the head of the agency. On July 16, 2018, a few weeks after *Lucia* was decided, the SSA's Acting Commissioner pre-emptively "address[ed] any Appointments Clause questions involving Social Security claims" by "ratif[ying] the appointments" of all SSA ALJs and "approv[ing] those appointments as her own." 84 Fed. Reg. 9583 (2019). The following year, the SSA issued a ruling stating that the Appeals Council should, in response to timely requests for Appeals Council review, vacate preratification ALJ decisions and provide fresh review by a properly appointed adjudicator. *Ibid.* That remedy was only available, however, to claimants who had raised an Appointments Clause challenge in either their ALJ or Appeals Council proceedings. *Ibid.* Claimants who had not objected to the ALJs' appointments in their administrative proceedings would receive no relief. *See ibid.*

593 U.S. at 86-87. Many claimants in the latter category sought relief in federal court seeking new hearings before constitutionally appointed ALJs. *Id.* "The Commissioner did not

8

dispute that the ALJs who decided petitioners' cases were unconstitutionally appointed, but contended instead that petitioners had forfeited their Appointments Clause challenges by failing to raise them before the agency." *Id.*

As set out above, Plaintiff is in the latter category—he filed his Complaint in this Court on February 10, 2018, without any mention of an Appointments Clause claim and without having raised the claim at the administrative level. (*See* Doc. 1.) *Lucia* was decided on June 21, 2018, and Plaintiff filed his brief in support of his appeal on July 13, 2018, identifying an Appointments Clause claim based on *Lucia* with the substantive claims regarding the opinion of his treating provider and the evaluation of his claimed mental impairment. (*See* Doc. 13 at 3.)

## A. Pre-Litigation Position

In his reply brief (Doc. 35), Plaintiff expands upon the sole assertion set out in the brief in support of his motion for attorney fees (Doc. 32). *See supra* p. 7. However, in his pre-litigation argument, Plaintiff again points to the Commissioner's failure to provide a constitutionally appointed ALJ (*id.* at 4-8) and concludes that the Commissioner

> had a duty to obey the requirements of the Constitution, and was on notice at least as far back as 1991 that his ALJs were "Officers of the United States," for the reasons the Supreme Court explained in *Freytag* [*v. Commissioner*, 501 U.S. 868 (1991)]; Nevertheless, his Appeals Council denied Plaintiff's final administrative appeal on December 17, 2017 and forced him to file this civil action. He has never argued that his pre-litigation conduct was constitutional, but only that Plaintiff forfeited the issue. Because his pre-litigation conduct was not substantially justified, he cannot avoid an award of EAJA fees in this case.

(Doc. 35 at 8.)

Defendant maintains that all necessary elements are met. (Doc. 33 at 8-9.) As to whether there is a reasonable basis in truth for the facts alleged, *Hanover*, 989 F.2d at 128, Defendant specifically asserts that this element of the substantially-justified inquiry is satisfied because it is not disputed that Plaintiff failed to raise an Appointments Clause challenge at any point during the administrative proceedings. (Doc. 33 at 8-9.) The Court agrees with Defendant's assessment that this fact is not disputed. Plaintiff first raised the Appointments Clause challenge in his July 31, 2018, brief filed in support of his appeal of the Commissioner's denial of benefits. (*See* Doc. 13 at 13.)

As to the second element, i.e., whether Defendant had "a reasonable basis in law for the theory . . . propounded," *Hanover*, 989 F.2d at 128, Defendant asserts that "[a]t the administrative level, the Commissioner reasonably did not address the appointment of the ALJ because Plaintiff never raised any objection at the administrative level. (Doc. 33 at 8-9.) In support of this position, Defendant asserts that

> [a]n administrative agency's action or inaction is reasonable if it does not offend "settled law." *See Vacchio v. Ashcroft,* 404 F.3d 663, 675 (2d Cir. 2005) (finding the agency action substantially justified because, although the action was found unconstitutional in other cases, "this issue [was] far from settled law") (cited by *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005) (finding that settled law made the government's position unreasonable after new facts required application of a different asylum standard)). No settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue that was not raised by the claimant.

(Doc. 33 at 7-9.)

10

Defendant's pre-litigation position that the Commissioner was not required to *sua sponte* raise an Appointments Clause issue is supported by courts in the Third Circuit. *Handwerk v. Saul*, Civ. A. No. 4:19-CV-1439, 2021 WL 4552266, at *4 (M.D. Pa. Oct. 4, 2021) (Wilson, J.) (citing *Dove-Ridgeway v. Saul*, Civ. A. No. 1:19-CV-35, 2021 WL 1827206, at *6 (D. Del. May 7, 2021) (holding that "the Commissioner was under no obligation to sua sponte raise Appointments Clause challenges"); *Flynn v. Saul*, Civ. A. No. 19-58, 2021 WL 2577146, at *3 (E.D. Pa. June 22, 2021) ("Plaintiff has not cited any authority, and this Court has found none, to support the position that the Commissioner, through either an ALJ or the Appeals Council, must sua sponte raise an Appointments Clause issue."); *Lenz v. Saul*, Civ. A. No. 19-489, 2021 WL 2515167, at *3 (W.D. Pa. June 18, 2021) (collecting cases) ("[C]ourts in this circuit have consistently held that...the Commissioner did not act unreasonably in declining to raise an Appointments Clause issue *sua sponte* in the absence of the issue being raised by the claimant."); *Powell v. Saul*, Civ. A. No. 18-4881, 2020 WL 3542250, at *4 (E.D. Pa. June 30, 2020) (noting that there is no known authority requiring the Commissioner to raise Appointments Clause issues on behalf of a claimant where the claimant fails to do so); *Wojciechowski v. Saul*, Civ. A. No. 18-3843, 2020 WL 3542248, at *4 (E.D. Pa. June 30, 2020) (same).

Further, because *Lucia* had not yet been decided when Plaintiff's case was pending at the administrative level, the question of its potential impact was unsettled. *McNeish v.*

11

*Saul*, Civ. A. No. 18-582, 2020 WL 4060322 (E. D. Pa. July 20, 2020), addressed the Defendant's pre-litigation position in a posture procedurally similar to the case at bar:

> When the ALJ and Appeals Council rendered their decisions prior to both *Lucia* and *Cirko*, the Appointments Clause jurisprudence was unclear and "lack[ing] guidance." *Lucia*, 138 S. Ct. at 2065 (Sotomayor, J., dissenting). In *Marant* [v. Saul, Civ. A. No. 18-4832, 2020 WL 3402416 (E.D. Pa. June 19, 2020)], Judge Hey discusses the way in which "[t]he pre-*Lucia* landscape on the ALJ Appointments Clause issue stands in sharp contrast to other situations where courts have found a pre-litigation position based on an interpretation of the law was not justified." 2020 WL 3402416, at *4. Judge Hey points to *Natural Resources Defense Council v. United States Environmental Protection Agency*, 703 F.2d 700, 712 (3d Cir. 1983), a case in which the Third Circuit found that the government's pre-litigation position was not substantially justified, and, therefore awarded EAJA fees to the plaintiff. *Id.* In *National Resources Defense Council*, the government dispensed with notice and comment rulemaking even though "[t]he law was already settled that this could not lawfully be done." *Id.* (quoting *National Resources Defense Council*, 703 F.2d at 712). Here, in contrast, the Commissioner's pre-litigation position was not in flagrant violation of settled law.

2020 WL 4060322, at *3.

To the extent Plaintiff argues that the Commissioner was on notice "as far back as 1991 that his ALJs were 'Officers of the United States,' for the reasons the Supreme Court explained in *Freytag*" (Doc. 35 at 6, 8), the Court agrees with the *McNeish* analysis of this argument and conclusion that the plaintiff "incorrectly contends that *Freytag* gave rise to the Commissioner's obligation to appoint ALJs pursuant to the Appointments Clause." 2020 WL 4060322, at *4. *McNeish* reasoned that

> [a]lthough *Freytag* laid the groundwork for *Lucia*, *see Lucia*, 138 S. Ct. at 2053 ("*Freytag* says everything necessary to decide this case."), it had a limited reach because it only established that "special trial judges" (STJs) of the United States Tax Court qualify as officers rather than employees. *Freytag*, 501 U.S.

12

>at 881–82. After *Freytag*, "the Court's Appointments Clause jurisprudence [still] offer[ed] little guidance on who qualifies as an 'Officer of the United States.'" *Lucia*, at 138 S. Ct. at 2064–65 (Sotomayor, J., dissenting). Although there are similarities between STJs and ALJs, the question of whether *Freytag* extended to ALJs was "an unsettled ... question of law" such that the Commissioner here can "establish that [his] legal theory was reasonable, even if not ultimately accepted as a legal rule by the courts." *Washington* [*v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985)].

2020 WL 4060322, at *4.

The Court agrees with this reasoning and concludes that Defendant had a reasonable basis in law for not raising an Appointments Clause claim *sua sponte* at the administrative level.

The Court also finds that there is "a reasonable connection between the facts alleged and the legal theory advanced," *Hanover*, 989 F.2d at 128. Plaintiff's failure to raise an Appointments Clause claim at the administrative level is reasonably connected to the Commissioner's pre-litigation legal theory that the Commissioner was not required to *sua sponte* raise an Appointments Clause issue. With this finding, Defendant has satisfied his burden of showing that the Commissioner's pre-litigation position was substantially justified.

## B. Litigation Position

Defendant identifies the Commissioner's litigation position as follows: "When Plaintiff raised the issue before this Court, the Commissioner argued that Plaintiff had forfeited the claim by failing to timely raise it at the administrative level." (Doc 33 at 2.) In support of the position, Defendant cites the unsettled nature of the law on the issue and the broad support

for the Commissioner's position at the time it was advanced (pre-*Cirko*). (Doc. 33 at 2 & n.1 (listing cases), 9-11 & n.2 (listing cases).)

Plaintiff criticizes the Commissioner's position, relying on *Cirko* and the predictability of *Cirko* based on *Sims v. Apfel*, 530 U.S. 103, 107-10 (2000), as set forth in *Byrd v. Saul*, 469 F. Supp. 3d 351 (E. D. Pa. 2020). (Doc. 35 at 8-9.) Plaintiff also relies on *Armstrong v. Saul*, 465 F. Supp. 3d 486 (E.D. Pa. 2020), and *Peters v. Saul*, CA 17-0937 (E.D. Pa. June 9, 2020), to support his argument that the Commissioner's litigation position was not substantially justified. (Doc. 35 at 9.)

The Court concludes that Plaintiff's reliance on the cited cases is misplaced in that they do not establish that the law was unsettled when Plaintiff filed his Appointments Clause claim in federal court. As set out in *McNeish*, as of July 2020, the majority of judges in the Eastern District agreed the Commissioner's litigation position that the plaintiff waived the Appointments Clause challenge because it was not raised at the administrative level was substantially justified. 2020 WL 4060322, at *6. *Hoover v. Saul*, 485 F. Supp. 3d 538 (M.D. Pa. 2020) (Carlson, M.J.), noted the "growing tide of case law . . . exemplified by numerous decisions by district courts throughout the Third Circuit which have denied EAJA claims." 485 F.3d at 543 n.3.[2] Both *McNeish* and *Hoover* identified *Byrd* as an exception to the majority. 485 F. Supp. 3d at 543 n.3; 2020 WL 4060322, at *6.

---

[2] *Hoover* ultimately did not decide the issue of whether the Commissioner's litigation position was substantially justified because Magistrate Judge Carlson concluded that the question of entitlement to EAJA fees rested on an independent unrelated issue. 485 F. Supp. 3d at 543.

14

*McNeish* succinctly explained its disagreement with *Byrd*:

> In *Byrd*, the court came to a different conclusion than most of the judges who have addressed this issue in this district, and found that the Commissioner's litigation position was not substantially justified because the Commissioner's litigation position and other Eastern District of Pennsylvania judges' analyses did not account for *Sims v. Apfel*, 530 U.S. 103 (2000). 2020 WL 3469031, at *2–3. In *Sims*, the Supreme Court found that claimants need not exhaust issues before the Social Security Administration's Appeals Council to obtain judicial review of those claims. *See Cirko*, 948 F.3d at 155 (explaining holding in *Sims*). However, *Sims* did "not dictate the answer" to whether a claimant must exhaust an issue before a Social Security Administration ALJ. *Id.* Therefore, this court disagrees with the *Byrd* analysis and finds that *Sims* does not vitiate the finding that the Commissioner's litigation position was substantially justified prior to *Cirko*.

*McNeish*, 2020 WL 4060322, at *6.

Over a year later, the *Byrd* analysis was again discounted in *Dove-Ridgeway v. Kijakazi*, Civ. A. No. 19-35-LPS-MPT, 2021 WL 7209241 (E.D. Pa. Dec. 6, 2021), where the District Court concluded that the case turned on an unsettled question of law, *id.* at *3.

> In *Byrd v. Saul*, 469 F. Supp. 3d 351 (E.D. Pa. 2020), the court awarded EAJA fees after concluding the Commissioner's position contradicted clearly established law as set out in *Sims v. Apfel*, 530 U.S. 103 (2000). Other cases from the same district, however, disagreed with *Byrd*'s characterization of *Sims* as clearly applicable in this context. *See, e.g., Cortese v. Comm'r of Soc. Sec.*, 2020 WL 3498104, at *4 n.43 (E.D. Pa. June 29, 2020) ("The issues presented in the precedential *Cirko* opinion earlier this year did not appear to be so easily governed by *Sims*."); *Diaz [v. Saul*, Civ. A. No. 18-5070, 2020 WL 3127941, at *3 (E.D. Pa. June 12, 2020)] (noting *Sims* does not examine "the narrow issue of whether a claimant must exhaust issues before an ALJ in the [SSA context]"); *see also CIrko*, 948 F.3d at 155 ("[W]hile *Sims* does not dictate the answer, its lessons loom large."). The existence of a few cases reaching a different conclusion only highlights that reasonable minds differed as to the effect of relevant precedents at the time.

2021 WL 7209241, at *2.

15

The Court agrees that the outlier cases cited by Plaintiff (Doc. 35 at 9) do not indicate that Defendant's legal theory was unreasonable such that the Commissioner's legal position was not substantially justified.[3] Rather, they are further indicators that the law was unsettled at the relevant time.

As summarized in the Report and Recommendation adopted in the *Dove-Ridgeway* Memorandum Order cited above,

> "[p]re-*Cirko* ..., particularly within the Third Circuit, there existed sufficient variation between decisions on whether or not an Appointments Clause challenge needed to be raised in the administrative proceedings to render the commissioner's position substantially justified" constituting the type of "'unsettled or close question of law' that justifies the Government's position as based on a reasonable theory of law." [*Marant v. Saul*, Civ. A. No. 18-4832, 2020 WL 3402416, at *5 (E.D. Pa. June 19, 2020).] Significantly, in *Carr* [*v. Saul*, 593 U.S. 83 (2021),] the Supreme Court explicitly noted the unsettled nature of law on the issue[.]
>
> In *Lucia*, the Supreme Court held that a new hearing should be granted if one makes a "timely challenge" to the constitutionality of the Appointment of an ALJ ... but ... did not define what qualifies as a "timely challenge." Therefore, whether the claimant waives the Appointments Clause claim by failing to exhaust it at the administrative level was an unsettled question at the time the Commissioner filed his response[.] *Carr*, 593 U.S. at 95.

*Dove-Ridgeway v. Saul*, Civ. A. No. 19-35-LPS-MPT, 2021 WL 1827206, at *7 (D. Del. May 7, 2021), *Report and Recommendation adopted sub nom. Dove-Ridgeway v. Kijakazi*, Civ.

---

[3] Research does not reveal that *Byrd* or *Armstrong* have been followed in a District Court opinion in the Third Circuit. However, in an Order granting EAJA fees in *Peters v. Saul*, No. 17-0937 (E.D. Pa. Sept. 11, 2020), Judge Nitza I. Quinones Alejandro adopted the reasoning of *Byrd* and *Armstrong* in the footnote explaining the award of EAJA fees.

A. No. CV 19-35-LPS-MPT, 2021 WL 7209241 (D. Del. Dec. 6, 2021); *see also Handwerk v. Saul*, Civ. A. No. 4:19-CV-1439, 2021 WL 4552266 (M.D. Pa. Oct. 4, 2021) (Wilson, J.) (quoting Dove-Ridgeway, 2021 WL 1827206, at *5).

In *Carr*, the Court considered consolidated cases where the petitioners, SSA plaintiffs seeking disability benefits, argued that they were entitled to new hearings before different ALJs because "the ALJs who originally heard their cases were not properly appointed under the Appointments Clause of the U.S. Constitution." 593 U.S. at 85. The question for the Court was "whether petitioners forfeited their Appointments Clause challenges by failing to make them first to their respective ALJs." *Id.* Three separate decisions from the Eighth and Tenth Circuits which adopted the Commissioner's view that the SSA plaintiffs had forfeited their Appointments Clause claims were under review. *Id.* The Court granted certiorari, 141 S. Ct. 813 (2020), to resolve the following Circuit split. In the view of the Eight and Tenth Circuits,

> petitioners could not obtain judicial review of their Appointments Clause claims because they had not pressed those challenges in their administrative proceedings. [*Davis v. Saul*], 963 F.3d 790, 793 (C.A.8 2020); [*Hilliard v. Saul*], 964 F.3d 759, 763 (C.A.8 2020); *Carr v. Commissioner*, SSA, 961 F.3d 1267, 1268 (C.A.10 2020). The Third, Fourth, and Sixth Circuits have all held the opposite. In those Circuits, claimants may challenge the constitutionality of an SSA ALJ's appointment for the first time in federal court. *See Cirko v. Commissioner of Social Security*, 948 F.3d 148, 152 (C.A.3 2020); *Probst v. Saul*, 980 F.3d 1015, 1020 (C.A.4 2020); *Ramsey v. Commissioner of Social Security*, 973 F.3d 537, 546 (C.A.6 2020).

17

593 U.S. at 87. The Court held that the Courts of Appeals for the Eighth and Tenth Circuits erred in imposing an issue-exhaustion requirement of petitioner's Appointments Clause claims and reversed for further proceedings. *Id.* at 96.

Although the Supreme Court came down on the side of *Cirko*, the reason for granting certiorari--the recognized Circuit split--indicates that the Supreme Court recognized the law was unsettled during the litigation phase of this case. Therefore, the Court agrees with the post-*Carr* analysis in *Dove-Ridgeway* and *Handwerk* and the conclusions reached by Judge Stark of the Eastern District and Judge Wilson of the Middle District that, because of the unsettled question of law, the Commissioner had a reasonable basis in law for its litigation position that the plaintiff had forfeited an Appointments Clause claim even though the position was not ultimately accepted by the courts. 2021 WL 7209241, at *3; 2021 WL 4552266, at *5.

The Court further agrees that the third and final prong of the analysis is satisfied in that the Commissioner has established a reasonable connection between the facts alleged (Plaintiff's failure to raise the Appointments Clause claim at the administrative level) and the legal theory advanced (that Plaintiff forfeited the claim by failing to raise it at the administrative level). *See id.*

Because Defendant has satisfied all elements of the substantially-justified inquiry regarding the litigation position, the Court finds that Defendant's litigation position was substantially justified. Having previously found that Defendant's pre-litigation position was

substantially justified, Defendant has satisfied each element of the requisite inquiry, and the Court will deny Plaintiff's motion for attorney fees.[4]

### V. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 31). A separate Order will enter.

Robert D. Mariani
United States District Judge

---

[4] The Court declines to address Plaintiff's argument raised in his reply brief that the Commissioner's position on other issues he raised in his brief in support of his appeal (Doc. 13) were not substantially justified. (*See* Doc. 35 at 9.) Plaintiff does not mention this argument in his three-page opening brief in support of his motion for EAJA fees (*see* Doc. 32 at 2 (asserting only that Defendant's position regarding the constitutional invalidity of ALJ's decision was not substantially justified) based on *Cirko*)). Further, there is no dispute that the case was remanded solely on the basis of the Appointments Clause issue. (*See* Doc. 30.) Finally, Plaintiff's claims regarding his treating provider and his mental limitations raised in the above-captioned action (*see* Doc. 13 at 3) were again found to be without merit on remand and the ALJ's decision was affirmed on appeal to this Court. *See* Civ. A. No. 3:21-CV-1078, Doc. 27 at 12, 31 (M.D. Pa. Aug. 9, 2022).

19